## K II CONSTRUCTION COMPANY *v.*
### Harold L. CRABTREE

CA 01-727                                      65 S.W.3d 905

Court of Appeals of Arkansas
Division III
Opinion delivered February 6, 2002

*Randy Phillip Murphy*, for appellant.

*Michael Allan Friedman*, for appellee.

JOHN MAUZY PITTMAN, Judge. This is an appeal from a decision of the Arkansas Workers' Compensation Commission. The Commission adopted the opinion of the administrative law judge; however, the opinion of the administrative law judge was not included in the appellant's abstract or addendum on appeal.

Failure to abstract the order appealed from has traditionally been regarded as a fatal error, and the cases are legion where this was held to be adequate grounds to affirm for noncompliance with the abstracting rules. *See* Ark. Sup. Ct. R. 4-2(a)(8). However, although appellant's abstract is flagrantly deficient in this respect, it is otherwise in compliance with Rule 4-2(a)(6). Under the present circumstances, we think it would be unduly harsh to affirm for noncompliance with the abstracting requirements, and we allow appellant's attorney ten days from the date of this opinion to revise the brief, at his own expense, to conform to Rule 4-2(a)(6). Upon the filing of such a substituted brief by the appellant, appellee (who declined to file a brief in response to appellant's original brief), will be afforded an opportunity to file a brief should he so choose.

We note that our decision to allow rebriefing in this instance is not a premature application of the modification of the abstracting rules set out in *In Re: Modification of the Abstract System*, 345 Ark. Appx. (May 31, 2001). Instead, it is an exercise of the discretion vested in this court by the currently-applicable[1] version of Rule 4-2(b)(3), which in pertinent part provides that:

> If the Court finds the abstract to be flagrantly deficient . . . the judgment or decree *may* be affirmed for noncompliance with the

---

[1] The record in the present case was filed on July 2, 2001. The amendments to the abstracting rules set out in the supreme court's *per curiam* are effective only as to cases in which the record is lodged with our clerk on or after September 1, 2001. *In re Modification of the Abstract System, supra.*

Rule. If the Court considers that action to be unduly harsh, the appellant's attorney may be allowed time to revise the brief, at his or her own expense, to conform to Rule 4-2(a)(6).

(Emphasis supplied.)

■■ A plain reading of the current Rules shows that we unquestionably have some discretion to allow rebriefing if we consider affirmance to be unduly harsh in a given case. Whether or not something is "unduly harsh" in a given case is not a question that can be decided in a vacuum; instead, it is a question of *relative* harshness that must be determined by comparison to other parties who are similarly situated, and with a due regard for the public policy that underlies the Rules. We think that the question of "undue harshness" must now be viewed in light of the declared policy of the supreme court that there is a "need for appeals to be decided on the merits." *In Re: Modification of the Abstract System, supra.* In light of this declaration of public policy, the fact that the abstracting error in the present case is technical in nature and easily corrected, and the fact that appellants will soon be permitted to correct even egregious and fundamental errors as a matter of course, we think that affirmance would, in the present case, be unduly harsh.

Rebriefing ordered.

ROAF and BIRD, JJ., agree.